IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JIMMY CLYDE DARUGHTERY | § | |
|    TDCJ-CID #845362 | § | |
| v. | § | C.A. NO. C-05-482 |
| | § | |
| DOUG DRETKE, ET AL. | § | |

**<u>MEMORANDUM AND RECOMMENDATION TO DISMISS</u>**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless of whether he prepays the entire filing fee or proceeds as a pauper. <u>Ruiz v. United States</u>, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); <u>Martin v. Scott</u>, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's *pro se* complaint must be read indulgently, <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (per curiam), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, <u>Denton v. Hernandez</u>, 504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that plaintiff's claims be dismissed for failure to state a constitutional violation.

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II. FACTUAL BACKGROUND

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Divisions ("TDCJ-CID"), and is currently incarcerated at the Ellis One Unit in Huntsville, Texas. His claims involve the alleged loss of his personal property while he was housed at the McConnell Unit in Beeville, Texas. He is suing the following TDCJ-CID officials and employees: Doug Dretke, Director of the TDCJ-CID; Eileen Kennedy, Assistant Warden of the McConnell Unit; Officer J. Barnes; and Martha Wear, Assistant Grievance Director for Region IV. A Spears[1] hearing was conducted on December 27, 2005. After this hearing, plaintiff supplemented his pleadings. (D.E. 7). The following allegations were made in his original complaint, at the hearing, or in his supplemental pleading:

On November 4, 2004, plaintiff was involved in an altercation with another inmate. Consequently, he was placed in pre-hearing detention. Officer Barnes was in charge of removing plaintiff's personal property from his cell and storing it in

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

the property room. Plaintiff received an inventory list of his property signed by Officer Barnes after he removed it from his cell.

On November 5, 2004, Officer Manchuca returned a portion of plaintiff's property, which included his legal papers, a writing pen, a bible, a writing tablet, and envelopes. On November 20, 2004, he delivered the rest of his property. Plaintiff compared the returned property with the inventory list prepared by Officer Barnes and discovered that certain property was missing.

On November 22, 2004, plaintiff filed a Step 1 grievance claiming that the following items were missing from his returned property: eleven ink pens; one pair of commissary socks; three pairs of commissary gym shorts; one lead pencil; two commissary face towels; one [bottle] baby oil; one set of head speakers; three cool-offs; three commissary disposable razors; one pair commissary leather gloves; lock and key; and one pair of sunglasses.[2] (D.E. 7, at 16-17) (copy of Step 1 grievance).

Notations on plaintiff's Step 1 grievance indicate that it was returned unprocessed because the grievable time-period had expired, and because he had exceeded the grievance submission limit of no more than one grievance per seven days-limit. (D.E. 7, at 17).

---

[2] A slightly modified list is included in his supplemental pleading, where plaintiff estimates the total cost of the missing property at $44.00. (D.E. 7, at 18).

Plaintiff is suing Officer Barnes because he was the officer in charge of packing and storing the personal property taken from his cell. He is suing Warden Kennedy because she "acknowledged" that Officer Barnes was in charge of his property. He is suing Director Dretke because he failed to investigate his grievance concerning his missing property. Finally, he is suing Ms. Wear because she refused to investigate his grievance. Plaintiff seeks the return of his property, or alternatively compensation in the amount of $44.00 plus the costs of filing this action.

### III.  DISCUSSION

**A.  Legal Standard.**

It is well established that "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted). The complaint must be

liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed. Id. (citation omitted).

**B.    Loss Of Property.**

Plaintiff complains that he suffered a loss of property without due process of law. The Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV § 1. The Supreme Court has held that a random and unauthorized intentional deprivation of property does not violate the Due Process Clause if the State provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 534-35 (1984); see also Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996) (per curiam). A claimant must either seek redress of his claims pursuant to any available state law remedies, or demonstrate that the available state remedies are inadequate. Hudson, 468 U.S. at 535.

Texas law provides for recovery of monetary damages for loss of property that has been taken without authorization. See Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994) ("the tort of conversion fulfills this requirement"); see also Beam v. Voss, 568 S.W.2d 413, 420 (Tex. Civ. App. 1978) (conversion is "[t]he unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another, to the exclusion of, or inconsistent with the

owner's rights"). In addition, Texas law specifically provides that an inmate may recover up to $500.00 on a claim that the TDCJ lost or damaged personal property. Tex. Gov't Code § 501.007.

Because Texas law provides an adequate post-deprivation remedy, plaintiff's loss of property claim does not state a constitutional violation. See Hudson, 468 U.S. at 536 (holding that even when a prisoner's property was intentionally destroyed, no constitutional violation occurred because state law provided the prisoner with an adequate post-deprivation remedy). To the extent that he claims the loss of his property was the result of negligence, he fails to state a claim of a constitutional violation. Daniels v. Williams, 474 U.S. 327, 328 (1986) ("the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property") (italics in original). The burden is on plaintiff to show that the state's post-deprivation remedy is inadequate. Myers, 97 F.3d at 94.

At the Spears hearing, plaintiff admitted that he had not filed suit in state court pursuant to § 501.007, or a common-law claim for conversion. Moreover, he has not alleged that the post-deprivation remedy is inadequate. Thus, it is respectfully recommended that, to the extent plaintiff is seeking damages for loss

of property, his claim should be dismissed for failure to state a constitutional violation.

**C.     Personal Involvement And Supervisor Liability.**

As an additional basis for dismissal, plaintiff has failed to allege that any of the named defendants were *personally involved* in the deprivation of a constitutional right. Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995) (per curiam). Officer Barnes was in charge of removing plaintiff's property from his cell and storing it, but plaintiff has no evidence, nor does he even allege that Officer Barnes lost or stole his property. Indeed, he relied on Officer Barnes' inventory sheet to determine that some of his personal property was not returned to him. Moreover, he testified that the property room is open to other guards and inmates.

Concerning his claims against Warden Kennedy and Director Dretke, plaintiff seeks to hold them liable in their supervisory capacity. "A supervisory official cannot be sued under a theory of pure vicarious liability or respondeat superior under § 1983." Reimer v. Smith, 663 F.2d 1316, 1323 (5th Cir. 1981) (citations omitted). It is respectfully recommended that plaintiff has failed to state a valid claim against Warden Kennedy and Director Dretke.

Finally, plaintiff has no constitutional right to have his grievances investigated. Therefore, it is respectfully recommended that he fails to state a claim against Martha Wear. <u>Sandin v. Conner</u>, 515 U.S. 472, 485-86 (1995).

## IV. **RECOMMENDATION**

For the foregoing reasons, it is respectfully recommended that plaintiff's claim for damages for property loss be dismissed with prejudice to reasserting this claim in a federal action, but dismissed without prejudice to plaintiff pursuing his claim in state court should he so desire.

Respectfully submitted this 18th day of April 2006.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).